UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY B. RALLS,<br><br>                              Plaintiff,<br><br>    vs.<br><br>MEDICAL STAFF,<br><br>                              Defendant. | CASE NO. 12-CV-172 JLS (NLS)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING COMPLAINT** |

Plaintiff Jerry B. Ralls, proceeding pro se, has filed a complaint against "Medical Staff." (Compl., ECF No. 1.) Upon reviewing the Complaint and attached civil cover sheet, it appears Plaintiff seeks an injunction of sorts against the federal health care system at large. (*Id.* at 1-2.) Plaintiff has also submitted an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (IFP Mot., ECF No. 2.)

**MOTION TO PROCEED IFP**

A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a). Here, Plaintiff states he is unemployed, has one dollar in his bank account, and owns no assets of value. (IFP Mot. at 2.) Apparently, his only

source of income is $934 per month in the form of social security disability payments. (*Id.*) Based on the information provided, the Court finds that Plaintiff is unable to pay the required filing fee. Accordingly, Plaintiff's motion to proceed IFP is **GRANTED**.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and shall order the sua sponte dismissal of any case it finds "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122,1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See id.* at 1127; *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court has a duty to liberally construe a pro se plaintiff's pleadings, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se litigant's complaint, however, the court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's sparse allegations total one paragraph. The basis for Plaintiff's claim is apparently "medical staff not following Drs. (sic) orders involving life sustaining medicines and procedures." (Compl. 1.) In anticipation of needing to visit his mother in the future if she becomes ill, Plaintiff seeks a Court Order "to follow Dr. (sic) orders because without daily medication I will die and that would violate my God given right to life." (*Id.*) Plaintiff does not refer to a specific statute, merely listing the cause of action as "constitutional life & liberty" on the civil cover sheet attached to the Complaint. (Compl. 2.) Construing his pro se pleading liberally, the Court finds it comes closest to alleging a civil rights claim under 42 U.S.C. § 1983, perhaps asserting a violation of Plaintiff's due process right to life, liberty, and property under the Fifth and Fourteenth Amendments.

42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) that conduct he complains of violated a right secured by the Constitution and laws of the United States; and (2) the conduct he complains of was committed by a person acting under color of state law. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

From the allegations contained in the Complaint, the Court must find Plaintiff has failed to assert a cognizable legal theory that would entitle him to relief under § 1983, or any other conceivably applicable statute. The cursory and nonsensical nature of Plaintiff's statements render it impossible for the Court to reasonably infer what conduct deprived Plaintiff of what right, privilege, or immunity protected by the Constitution. Further, there is no indication at all that the conduct he complains of was committed by a person or persons acting under color of state law who may properly be sued under § 1983, or that the relief he seeks may be granted by the Court. In fact, Plaintiff has failed to satisfy any of the federal pleading requirements, which are: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought."

1  Fed. R. Civ. P. 8(a).  The Complaint contains no statement of jurisdiction of any kind, states
2  almost no factual allegations, does not specifically identify any parties or claims, and its demand
3  for a "Judges (sic)  Order" is so vague as to prevent the Court from possibly fashioning a remedy
4  to afford relief.

### CONCLUSION

For the reasons stated above, Plaintiff's motion to proceed IFP is **GRANTED**, but Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court will allow Plaintiff an opportunity to amend his Complaint to correct all of the deficiencies of pleading identified in this Order.  If he so chooses, Plaintiff may file an amended complaint within 45 days of the date this Order is electronically docketed.  Plaintiff's Amended Complaint must be complete in itself without reference to the previous pleading.  *See* Local Civil Rule 15.1.  To assist him in this task, the Clerk **SHALL PROVIDE** Plaintiff with a court-approved 42 U.S.C. § 1983 Form Complaint.

**IT IS SO ORDERED**.

DATED:  May 23, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge